[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**December 7, 2004**
**THOMAS K. KAHN**
**CLERK**

_____

No. 03-14408

_____

D. C. Docket No. 03-60027-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUDOLPH WILSON,
a.k.a. Saint Aubyn Williams,
a.k.a. Lancelot Saint Aubyn Williams,
a.k.a. Rudolph Saint Aubyn Wilson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 7, 2004)**

Before BARKETT, HULL and COX, Circuit Judges.

BARKETT, Circuit Judge:

Rudolph Wilson appeals his 63-month sentence imposed after pleading guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). Wilson argues that the district court erred by imposing a sixteen-point enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), because his prior conviction for aggravated child abuse does not qualify as a "crime of violence" within the meaning of this guideline. Wilson also challenges the district court's two-level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight.

## I. BACKGROUND

Wilson, a Jamaican national, was deported from the United States on November 28, 2000. Government officials later learned that Wilson had reentered the country illegally and was living in Hollywood, Florida. In February 2003, law enforcement officials approached Wilson's residence in Hollywood and knocked on his door. Wilson refused to answer, although agents could hear his movements inside the apartment. After approximately 45 minutes, agents saw Wilson lowering himself from his third floor apartment using bed sheets that had been tied together. After the sheets separated, Wilson fell two stories, stumbling into a fence. In the course of attempting to subdue Wilson, one of the agents, named

2

Lampkins, tackled the defendant and prevented his escape. As a result of the tackle, Lampkins injured his left index finger. Medical records revealed that Lampkins' finger had been dislocated and sprained.

Wilson agreed to plead guilty to entering the country after having been deported, in violation of 8 U.S.C. § 1326(a). In exchange for his plea, the government recommended that Wilson receive a three-level reduction for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b). In addition to the three-level reduction, the Presentence Investigation Report ("PSI") recommended that Wilson receive a sixteen-point enhancement for a prior "crime of violence," under § 2L1.2(b)(1)(A)(ii), since Wilson had previously been convicted in Florida of "aggravated child abuse."[1] The PSI also recommended a two-level enhancement for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2, because Agent Lampkins injured his finger pursuing Wilson.

The district court imposed both enhancements, as well as the three-level reduction for acceptance of responsibility. The district noted that Wilson's guilty

---

[1] Florida law states that "aggravated child abuse" occurs when a person:
    (a) Commits aggravated battery on a child;
    (b) Willfully tortures, maliciously punishes, or willfully and unlawfully cages a child; or
    (c) Knowingly or willfully abuses a child and in so doing causes great bodily harm, permanent disability, or permanent disfigurement to the child.

Fla. Stat. § 827.03(2).

plea had been for "beat[ing] his girlfriend's three-year-old daughter" and that this was a "crime of violence" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii). The court further found, as a matter of law, that when a defendant flees, and the pursuing officer suffers an injured, sprained finger, an enhancement under U.S.S.G. § 3C1.2 is warranted. The district court imposed a 63-month sentence, which fell in the middle of the 57- to 71-month guideline range. Wilson challenged both enhancements and this appeal followed.

## II. DISCUSSION

Wilson argues that his Florida conviction for aggravated child abuse does not qualify as a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because it is not listed as one of the enumerated offenses described in this guideline. He also challenges the two-point enhancement, claiming that mere flight from arrest without some "additional conduct" that creates a substantial risk of death or serious bodily injury to another person cannot support an enhancement under U.S.S.G. § 3C1.2. We address each contention in turn.

A.  Definition of "Crime of Violence" under § 2L1.2(b)(1)(A)(ii)

We review a district court's determination that a prior conviction qualifies as a "crime of violence" de novo. See United States v. Fuentes-Rivera, 323 F.3d 869, 871 (11th Cir. 2003). Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), a district court must

4

impose a sixteen-level enhancement if the defendant "previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence."[2] The commentary to this guideline explains that:

"Crime of violence" –

(I)     means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

(II)    includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

Wilson argues that the use of the word "and" preceding subpart (II) indicates that the requirements of both subparts must be met before his prior conviction qualifies as a "crime of violence." Wilson concedes that his prior conviction meets the first subpart of this definition, since the use of physical force is an element of aggravated child abuse under Florida law.[3] However, he argues that because aggravated child abuse is not one of the offenses listed in subpart (II) his sentence should not have been enhanced. The government, relying on our decision in Fuentes-Rivera, responds that a prior conviction is a "crime of violence" if it meets

---

[2] We apply the 2002 edition of the United States Sentencing Commission Guidelines Manual. See United States v. Bailey, 123 F.3d 1381, 1403 (11th Cir. 1997).

[3] See Fla. Stat.. § 827.03(2).

5

the requirements of either subpart I or II.

In Fuentes-Rivera, we considered whether a California conviction for first-degree burglary was a "crime of violence" under section 2L1.1. 323 F.3d at 871. We noted that burglary, or at least so-called generic burglary, has never included a physical-force element and that if it were necessary to meet the requirements of both subparts burglary would never qualify as a "crime of violence." Id. at 871-72. Since this would make the inclusion of burglary in subpart (II) essentially meaningless, we rejected this reading and instead held that a prior conviction qualifies as a "crime of violence" if it is among the enumerated offenses listed in subpart (II). Id. at 872.

Despite our holding in Fuentes-Rivera, Wilson now asks us to find that a prior conviction such as aggravated child abuse, which includes a physical-force element as required by subpart (I), must also meet the requirements of subpart (II). However, given our decision in Fuentes-Rivera that meeting subpart (II) is sufficient, Wilson's argument that subpart (I) is merely a necessary requirement strips the first subpart of any legal relevance. In Wilson's view, we need only consider whether a prior conviction is listed in subpart (II). If it is, then it is a "crime of violence." However, if it is not among the enumerated crimes listed in subpart (II), then it may never qualify for the enhancement. We reject such a

reading, which would render subpart (I) mere surplusage. Id. (guidelines should be read "so that no words shall be discarded as being meaningless, redundant, or mere surplusage") (internal quotation marks omitted).

Instead, we adopt the reasoning of the Seventh Circuit's decision in United States v. Alvarenga-Silva, 324 F.3d 884, 887 (7th Cir. 2003), where the panel stressed that the word "and" in the definition of "crime of violence" is followed by "includes," which "signals illustration rather than exhaustion." According to the Alvarenga-Silva Court, the Sentencing Commission likely enumerated certain serious offenses in addition to providing a general definition "to ensure that those particular [enumerated] offenses would be treated as crimes of violence regardless of variations in state statutory elements." Id. The panel held that "it is enough that an offense *either* falls under the general definition in the first subsection *or* is included among the enumerated offenses in the second subsection." Id. at 888 (emphasis in original). We agree and hold that a prior conviction constitutes a "crime of violence" if it either includes as an element of the offense "the use, attempted use, or threatened use of physical force against the person of another" or is listed as one of the offenses detailed in subpart (II). Since Wilson concedes that he plead guilty to a crime that includes a physical-force element, he committed a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court's

7

enhancement, therefore, was not in error.

B. <u>Reckless Endangerment During Flight</u>

We review the trial court's legal interpretation of U.S.S.G. § 3C1.2 <u>de novo</u>.

<u>Fuentes-Rivera</u>, 323 F.3d at 871. Section 3C1.2 states:

> If the defendant recklessly created a substantial risk of death or
> serious bodily injury to another person in the course of fleeing from a
> law enforcement officer, increase by 2 levels.

"Reckless" refers to "a situation in which the defendant was aware of the

risk created by his conduct and the risk was of such a nature and degree that to

disregard that risk constituted a gross deviation from the standard of care that a

reasonable person would exercise in such a situation." <u>See</u> U.S.S.G. §§ 3C1.2 cmt.

(n. 2), 2A1.4 cmt. (n.1).

The district court erred in concluding that Wilson's flight along with Agent

Lampkins' injury warranted a reckless endangerment enhancement. It is obvious

from the text of section 3C1.2 that flight alone is insufficient to warrant an

enhancement under this section. This guideline requires that the defendant

"recklessly create[] a substantial risk of death or serious bodily injury to another

person." U.S.S.G. § 3C1.2. Although Agent Lampkins injured his finger by

tackling Wilson, this kind of injury may occur anytime a defendant flees.[4] It is the

_____

[4] <u>Cf.</u> <u>United States v. Reyes-Oseguera</u>, 106 F.3d 1481, 1484 (9th Cir. 1997) ("To hold
that a defendant recklessly endangers another solely because he is pursued by an armed agent is

8

defendant's conduct, not that of the pursuing officers, which must recklessly create the substantial risk of death or serious bodily injury to others. U.S.S.G. § 3C1.2 (reckless endangerment enhancement warranted if "the <u>defendant</u> recklessly created a substantial risk of death or serious bodily injury to another person") (emphasis added). Since Wilson's flight by itself cannot be said to have recklessly created this level of risk, the district court erroneously imposed the enhancement.

### III. CONCLUSION

We VACATE the defendant's sentence and REMAND with instructions to resentence the defendant without the two-point enhancement.

---

the functional equivalent of finding instinctive flight sufficient.").