[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16797
Non-Argument Calendar

_____

D. C. Docket No. 05-20298-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE SUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 22, 2007)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Rene Suarez pleaded guilty to conspiracy to possess with intent to distribute

cocaine, 21 U.S.C. § 846. Suarez now appeals his 262-month sentence. He was sentenced as a career offender because he has prior Florida state convictions for drug trafficking, battery on a law enforcement officer, and aggravated child abuse.

Suarez first argues that the district court erred because the government failed to prove to a jury, beyond a reasonable doubt, that he was convicted of battery on a law enforcement officer and aggravated child abuse, or that those convictions were crimes of violence. We review de novo a district court's decision to classify a defendant as a career offender under U.S.S.G. § 4B1.1. United States v. Gibson, 434 F.3d 1234, 1243 (11th Cir.), cert. denied, 126 S.Ct. 2911 (2006). We also review de novo the determination that a prior conviction qualifies as a "crime of violence." United States v. Ortiz-Delgado, 451 F.3d 752, 754 (11th Cir. 2006).

A defendant is classified as a career offender if, inter alia, he has at least two prior felony convictions for crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a). A crime of violence is any offense punishable by a term of imprisonment exceeding one year that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

2

Suarez challenges the district court's authority to determine that he was convicted of battery on a law enforcement officer and aggravated child abuse, and that those crimes were crimes of violence. Suarez's argument is without merit. We have repeatedly recognized that there still exists a prior conviction exception to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000) and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Greer, 440 F.3d 1267, 1273 (11th Cir. 2006) (collecting cases). Under Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998), which remains binding precedent, "the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Camacho-Ibarquen, 410 F.3d 1307, 1315 (11th Cir. 2005). Nor must the government prove to a jury beyond a reasonable doubt the nature of the prior convictions. Greer, 440 F.3d at 1275. The judge is permitted to find facts about both the existence and the nature of a defendant's prior convictions. Id.

Suarez cites Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005). That case is inapposite. Shepard was a statutory decision holding that in determining the nature of a prior conviction, a trial judge may not look beyond the statutory elements, charging documents, a plea agreement and colloquy, jury

3

instructions, or any comparable judicial record.  Id. at 26, 125 S. Ct. at 1263.

Shepard did not, however, undermine the Almendarez-Torres prior conviction

exception.  In fact, "[t]here is implicit in the Shepard rule. . . a recognition that if

the nature of the prior conviction can be determined from those types of records,

under existing law the trial judge may make the determination.  There would be no

point in restricting the sources that a judge may consider in reaching a finding if

judges were barred from making it."  Greer, 440 F.3d at 1275.

The district court was thus permitted to find facts about the existence and

nature of Suarez's prior convictions for the purpose of classifying him as a career

offender.  Here the district court had to look no further than the fact of conviction

to determine that Suarez was a career offender.  Both battery on a law enforcement

officer, in violation of Fla. Stat. §§ 784.03, 784.07, and aggravated child abuse, in

violation of Fla. Stat. § 827.03(2), are crimes of violence.  United States v. Glover,

431 F.3d 744, 749 (11th Cir. 2005) (holding that battery on a law enforcement

officer was a crime of violence in Florida); see United States v. Wilson, 392 F.3d

1243, 1246 (11th Cir. 2004) (noting that the use of physical force is an element of

aggravated child abuse under Florida law).  The district court therefore did not

violate the Shepard rule or otherwise err in determining that Suarez was a career

offender.

4

Suarez also claims that the district court was not permitted to rely on the aggravated child abuse conviction because the government did not provide 21 U.S.C. § 851(a)(1) notice. Section 851(a)(1) of Title 21 requires that the government provide notice, prior to trial or plea, before a defendant "convicted of an offense under [Title 21] shall be sentenced to increased punishment by reason of one or more prior convictions." Suarez has raised this argument for the first time on appeal. We review sentencing issues raised for the first time on appeal for plain error. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). This standard requires that there be error, that it be plain, and that it affect substantial rights. Id. at 1298. If these conditions are met, then we may exercise our discretion to notice the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

We have held that "the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender." Young v. United States, 936 F.3d 533, 535-36 (11th Cir. 1991). The government was therefore not required to provide pre-plea notice to Suarez before the district court could rely on his aggravated child abuse conviction to sentence him as a career offender.

5

Accordingly, we affirm Suarez's sentence.[1]

**AFFIRMED.**

---

[1] Suarez also asserts in passing that the information about his convictions was testimonial hearsay the use of which is prohibited under <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S. Ct. 1354 (2004). Suarez's argument is without merit because <u>Crawford</u> does not extend to sentencing proceedings. <u>United States v. Cantellano</u>, 430 F.3d 1142, 1146 (11th Cir. 2005).