[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14076
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00103-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO LOAEZA-MONTES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 11, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

In this case, appellant Emilio Loaeza-Montes plead guilty to both counts of an indictment, which charged him in Count One with transporting illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(i), and in Count Two with reentering the United States without permission after deportation for an "aggravated felony offense of aggravated assault . . . in the Superior Court of Arizona, in violation of 8 U.S.c. § 1326(a) and (b)(2). The district court sentenced him to concurrent prison terms of 60 months, with terms of supervised release of 60 months on Count One and 36 months on Count Two. He now appeals his Count Two sentence, arguing that the district court erred, first, in relying on the presentence investigation report ("PSI"), and, then, in determining the total offense level on Count Two under the Sentencing Guidelines. That error occurred, he argues, when the court enhanced the Count Two base offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) on the theory that his prior Arizona aggravated assault conviction constituted a "crime of violence" within the meaning of the Guidelines. We consider these arguments in turn.

I.

Appellant contends that the district court erred in relying on the PSI in determining that his Arizona aggravated assault conviction constituted a crime of violence under § 2L1.2(b)(1)(A) or 18 U.S.C. § 16 because the PSI did not

2

constitute a permissible evidentiary source under *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).  He submits that *Shepard* required that the court's probation office, in preparing the PSI, have access to the charging document (to which he had pled guilty), the terms of his guilty plea, and a transcript of the plea hearing, which would recite the facts underlying the aggravated assault offense.  Given this PSI deficiency and the district court's failure to conduct a purely categorical approach in classifying the aggravated assault offense, as required by *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and *Shepard*, the court could not determine that the aggravated assault to which he had pled guilty was  "crime of violence" under U.S.S.G. § 2L1.2.  Accordingly, this court should vacate the Count Two sentence and remand the case for resentencing on Count Two.

"A sentencing court's findings of fact may be based on undisputed statements in the PSI."  *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006).  "[C]hallenges to the facts contained in the PSI must be asserted with specificity and clarity."  *Id.*  A defendant is deemed to have admitted the facts constituting relevant conduct and other facts about a prior offense contained in the PSI, and any addendum to the PSI, unless he objects to such facts when, as here, he is given an opportunity to do so.  *Id.* at 833-34.  A defendant's argument at

sentencing that a prior conviction should not be classified as a violent felony does not constitute a dispute regarding the facts underlying that conviction. *Id.* at 833.

Because appellant did not (1) object to the reliability of the documents referenced in the PSI, (2) argue that the documents did not show the facts underlying his aggravated assault conviction, or (3) object to the Government's characterization of the crime as an aggravated assault with a deadly weapon, he is deemed to have admitted those facts.

II.

In relevant part, appellant argues that his Arizona aggravated assault conviction does not qualify as a "crime of violence" under § 2L1.2(b)(1)(A)(ii) merely because it is labeled as such by the state of Arizona. According to him, *Taylor* mandates that in determining whether a predicate offense qualifies as a crime of violence, a district court must use a "categorical" approach rather than relying on the label a state places on a crime. He urges us to reach the same conclusion the Ninth Circuit did in *United States v. Esparza-Herrera*, 557 F.3d 1019 (9th Cir. 2009), that, based on a categorical analysis, because the Arizona statute permits a conviction upon a showing of recklessness, while the Model Penal Code requires a showing of at least recklessness "under circumstances manifesting extreme indifference to the value of human life," the *mens rea*

4

requirement of the Arizona statute is substantially broader than the Model Penal Code's. Thus, he claims that a conviction for aggravated assault under the Arizona statute could not support a § 2L1.2(b)(1)(A)(ii) enhancement because such a conviction could be obtained through a showing of ordinary recklessness. Appellant contends that without any *Shepard*-approved charging documents, it was impossible for the district court to know whether his conduct was committed "intentionally, knowingly or recklessly." He notes that even if this court concludes that it is appropriate to consider the PSI's description of his offense conduct, his offense was more akin to a driving under the influence ("DUI") offense than reckless conduct.[1]

We review *de novo* the issue of whether a prior crime is a "crime of violence" for purposes of an offense level enhancement pursuant to § 2L1.2(b)(1)(A)(ii). *United States v. Wilson*, 392 F.3d 1243, 1245 (11th Cir. 2004). The Sentencing Guidelines apply a 16-level enhancement to a defendant convicted of a 8 U.S.C. § 1326 violation when that "defendant previously was deported" after a conviction for a prior "crime of violence." U.S.S.G. §

---

[1] The facts underlying the Arizona conviction are these: Appellant was intoxicated, having consumed six to seven shots of liquor at home, then drinking at least 15 beers at a club. Having consumed the alcohol, he drove his vehicle through a red light and caused a four-vehicle crash (which resulted in the hospitalization of two of these vehicle's occupants). He and his passenger fled from the scene on foot and soon were caught by the police.

2L1.2(b)(1)(A)(ii). The commentary to the Guidelines defines a "crime of violence" as (1) any of a list of enumerated offenses that includes "aggravated assault," or (2) "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* at § 2L1.2 cmt. n. 1(B)(iii); *see also United States v. Martinez*, 584 F.3d 1022, 1026 n.1 (11th Cir. 2009) (stating that application notes are generally authoritative). The commentary does not define aggravated assault, but Amendment 658 to that guideline, effective in 2003, describes that the purpose of the enumeration of certain "crimes of violence" was to "make clear that the enumerated offenses are always classified as 'crimes of violence' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." Amendment 658 to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (emphasis added).

In determining whether burglary of a dwelling under California law was a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii), we held that because that crime was enumerated in Application Note 1(b)(ii)(II) (2002), it was a crime of violence even though it lacked an element regarding the use of physical force. *United States v. Fuentes-Rivera*, 323 F.3d 869, 872 (11th Cir. 2003) (citing with approval *United States v. Rayo-Valdez*, 302 F.3d 314, 318-20 (5th Cir. 2002),

6

for the proposition that all offenses listed in Application Note 1(B)(ii)(II) were crimes of violence, regardless of their elements under various state laws). Shortly thereafter, in *United States v. Wilson*, we addressed a defendant's claim that his prior conviction for aggravated child abuse, which he conceded had a physical-force element that satisfied § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii), also was required to be included in the enumerated list of offenses in that comment to qualify as a "crime of violence." 392 F.3d at 1245-46. In rejecting that claim, we held that "a prior conviction constitutes a 'crime of violence' if it *either* includes as an element of the offense 'the use, attempted use or threatened use of physical force against the person of another' *or* is listed as one of the offenses detailed" in that application note. *Id.* at 1246 (emphasis added).

Because aggravated assault is included in the list of offenses detailed in § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii), appellant's conviction for aggravated assault under Arizona law *per se* qualifies as a "crime of violence" under § 2L1.2(b)(1)(A)(ii).

AFFIRMED.