[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14001
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00030-CB-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC DEWAYNE PATTERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(March 31, 2016)

Before MARCUS, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Cedric DeWayne Patterson appeals his 57-month sentence imposed after pleading guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  On appeal, Patterson argues that the district

court erred by applying a two-level enhancement under U.S.S.G. § 3C1.2 because his conduct did not rise to the level of recklessly creating a substantial risk of bodily harm or death.  After thorough review, we affirm.

For appeals of sentencing enhancements, we review factual findings for clear error, and review de novo the application of those facts to justify a sentencing enhancement.   United States v. Matchett, 802 F.3d 1185, 1191 (11th Cir. 2015). For a factual finding to be clearly erroneous, "after reviewing all of the evidence, [we] must be left with a definite and firm conviction that a mistake has been committed." Id. (quotation omitted).

The Sentencing Guidelines provide that a defendant's offense level should be increased by two levels if the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."  U.S.S.G. § 3C1.2.  To determine whether a "substantial risk of death or serious bodily injury" exists, § 3C1.2 "requires only that there was a substantial risk that something could have gone wrong and someone could have died or been seriously injured."  Matchett, 802 F.3d at 1198.  However, ". . . flight alone is insufficient to warrant an enhancement under this section."  United States v. Wilson, 392 F.3d 1243, 1247 (11th Cir. 2004).

In this case, there is sufficient evidence to support the district court's conclusion that Patterson was armed with a loaded weapon and had his hand on the

2

weapon during an intentional struggle with the police officer. As for Patterson's claim that he was not actually reaching for the gun when he resisted arrest, and that he kept his hands in his pockets where the firearm was located during the ensuing physical confrontation, we are unpersuaded. Indeed, even under this scenario, there was a substantial likelihood that the firearm could have discharged, either accidentally or purposefully, which could have caused severe harm or death. In Matchett, a substantial risk of death or serious bodily injury was found when the defendant physically wrestled with the officer for three minutes while a loaded gun was in his pocket, and the police officer had his hand on the gun trying to get it away from Matchett. 802 F.3d at 1190. The same risk existed here.

Patterson attempts to distinguish Matchett, but we disagree. While the struggle between the police officers and Patterson did not last nearly as long and was not described as violently as the struggle in Matchett, the focus in Matchett was on the dangers resulting from having a loaded gun involved in any physical struggle -- especially where, as here, the struggle occurred in a residential area where bystanders could be present. See id. at 1198. Thus, even if Patterson was not actually reaching for the gun, Patterson had his hand in his pocket where the gun was located during the physical struggle, and the police officers were reaching into his pockets to take control of his hands. In an unpredictable scenario like this, the likelihood that either Patterson, or the police officer attempting to wrest the gun

3

away from him, could accidentally discharge the weapon is very high.  See id. (citing United States v. Nava-Sotelo, 354 F.3d 1202, 1203 (10th Cir. 2003).  While Matchett declined to hold that any scenario where a person resisted arrest while in possession of a loaded gun warrants a § 3C1.2 enhancement, we went on to say that ". . . . conduct that could potentially harm a police officer or a third party is sufficiently reckless."  Id.  We conclude that Patterson's conduct rose to that level. Accordingly, the district court did not err in applying an enhancement under U.S.S.G. §3C1.2.

   **AFFIRMED**.