[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12784
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cr-00083-WFJ-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS ANTWON JOHNSON,

Defendant-Appellant.

_____

No. 20-12786
Non-Argument Calendar

_____

D.C. Docket No.  8:18-cr-00239-WFJ-TGW-1

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

                            versus

DEMETRIUS ANTWON JOHNSON,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(August 2, 2021)

Before MARTIN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Demetrius Johnson, while serving a term of supervised release, violated the terms of his release by committing and being convicted of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).  This violation resulted in a twenty-four-month term of imprisonment imposed upon revocation of his supervised release and a consecutive thirty-six-month term of imprisonment and $360 fine imposed for his conviction of the felon in possession of a firearm charge.  In a consolidated appeal, Johnson now challenges the district court's imposition of those terms of

2

imprisonment and the fine. Because the district court did not err in applying a two-level enhancement for reckless endangerment during flight and because the sentences imposed were substantively reasonable, we affirm Johnson's sentences.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2015, Johnson pleaded guilty to one count as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to thirty months' imprisonment followed by thirty-six months of supervised release. While serving his term of supervised release, he violated the terms of his release on numerous occasions. None of these initial violations resulted in the revocation of Johnson's supervised release; instead, the district court modified the conditions to include a forty-five-day home confinement term.

After serving this period of home confinement, Johnson again violated the terms of his supervised release by engaging in criminal conduct. Johnson was driving a vehicle with missing tags when a Tampa police officer recognized the vehicle as matching the description of a vehicle that had fled from officers the previous night. The officer began pursuing Johnson, who attempted to evade the office. During his efforts, Johnson drove through a residential area and threw out a loaded firearm into the front yard of a home. Johnson then exited the vehicle and began to flee by foot. He was later apprehended by the officer, who discovered marijuana and an alprazolam pill in Johnson's pockets. The facts underlying this

3

incident led to (1) his probation officer petitioning to arrest Johnson and revoke his supervised release, and (2) a federal grand jury indictment for a second instance of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).

As to the new felon in possession charge, Johnson pled guilty. A probation officer prepared a presentence investigation report ("PSI") outlining the above facts surrounding the incident and stating that Johnson's base offense level was 14, under U.S.S.G. § 2K2.1(a)(6)(a). It found that Johnson's conduct qualified for a two-level enhancement under § 3C1.2, for reckless endangerment during flight because he discarded a loaded firearm from a moving vehicle while attempting to elude law enforcement. The PSI then recommended that Johnson's offense level be reduced by three levels for acceptance of responsibility under § 3E1.1(a), (b). **(Id. ¶¶ 25–26).**

Relevant to this appeal, the PSI noted four of Johnson's prior Florida state felony convictions: (1) unlawful use of a personal ID of another in 2014; (2) carrying a concealed firearm in 2014; (3) being a felon in possession of a firearm in 2014; and (4) felony possession of cannabis in 2015. The PSI also noted Johnson's 2015 federal felon-in-possession of a firearm conviction and his violations of supervised release in that case, as well as the revocation and sentence for it outlined above.

The PSI next outlined Johnson's medical and intellectual characteristics relevant to sentencing. Johnson was born with sickle cell anemia and high blood

4

pressure. He required monthly blood transfusions to help with the pain and had liver and kidney failure due to his sickle cell anemia. Johnson's IQ was between 51–62, placing him in the "mental retardation" range. Johnson was disabled due to his sickle cell anemia and had never been employed but received $764 per month in disability benefits when he was not incarcerated. Finally, the PSI noted that Johnson reported that he did not have any assets and that probation did not reveal any, the court had appointed counsel to represent him because he is indigent, and it did not appear that Johnson had the ability to pay a fine in the guideline range.

The statutory maximum term of imprisonment under 18 U.S.C. § 924(a)(2), was ten years. Based on a total offense level of 13 and a criminal history category of VI, the resulting guideline range was thirty-three to forty-one months' imprisonment. The statutory maximum fine was $250,000, under 18 U.S.C. § 3571(b), and the guideline fine range was $5,500 to $55,000, under U.S.S.G. § 5E1.2(c)(3). The probation officer noted factors that may warrant a sentencing variance, including Johnson's history of medical issues, several incompetency determinations, childhood neglect, and the murder of his friend, which he witnessed.

At a joint sentencing hearing for the imposition of a sentence for both the new conviction and the violation of supervised release, Johnson objected to the two-level enhancement for reckless endangerment during flight, arguing that the government could not prove there was any risk to his conduct, that he was aware of that risk, or

5

that he was fleeing from law enforcement at the time. Johnson further argued that the district court should consider a downward departure under § 5H1.3 and § 5H1.4 due to his mental and emotional issues in combination with his chronic sickle cell disease.

The district court ultimately revoked Johnson's supervised release term on his 2015 conviction and sentenced him to twenty-four months' imprisonment followed by one year of supervised release. As to the second felon-in-possession of a firearm conviction, the district court sentenced Johnson to thirty-six months' imprisonment, to be served consecutively to the sentence imposed for the revocation of his supervised release for the prior conviction, followed by three years' supervised release. As for the fine, the district court ordered Johnson to pay a fine of $360, noting that such a fine was affordable for him based on the gun and drugs he is able to purchase and based on the disability benefits that he receives. In imposing these sentences, the district court noted that it had considered the advisory guidelines and the § 3553(a) factors. Johnson timely appealed his sentences to this Court.

## II.    STANDARD OF REVIEW

We review a district court's application of a sentencing enhancement *de novo* and its factual findings in support of an enhancement for clear error. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015). For the district court's fact finding to be clearly erroneous, we, "after reviewing all of the evidence, must be

left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation marks omitted).  In making its findings, a district court is not required to ignore what it has learned from similar cases over the years.  *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).  The government has the burden of introducing evidence sufficient to establish an enhancement by a preponderance of the evidence.  *United States v. Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013).

We review the reasonableness of a sentence under the deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We generally review a sentence imposed upon revocation of supervised release for reasonableness.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  The reasonableness of a sentence is determined by considering the totality of the circumstances.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  Under the abuse-of-discretion standard, we will affirm any sentence that falls within the range of reasonable sentences, even if we would have decided that a different sentence was more appropriate.  *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).  The party challenging a sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the factors listed in 18 U.S.C. § 3553(a), and the substantial deference afforded sentencing courts.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

Finally, we review the district court's determination that a defendant is able to pay a fine for clear error. *United States v. Gonzalez*, 541 F.3d 1250, 1255 (11th Cir. 2008). The defendant bears the burden of proving his inability to pay a fine. *Id.*

## III.  ANALYSIS

On appeal, Johnson raises three issues. First, he argues that the district court erred in applying a two-level enhancement for reckless endangerment during flight in calculating the guideline range for his felon-in-possession conviction because he did not know that the police officer was pursuing him when he threw the gun out of his car. Second, Johnson argues that his imprisonment sentences were substantively unreasonable because the district court did not properly consider his history and characteristics and because the district court imposed the sentences to run consecutively. Third, Johnson argues that the district court erred in imposing a $360 fine because he did not have the ability to pay a fine. We address each issue in turn.

### A.     *The Two-Level Enhancement*

The Sentencing Guidelines call for a two-level enhancement where the "defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. Flight alone is insufficient for application of the enhancement. *United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004). Rather, the defendant's actions

8

during flight must, through recklessness, create a situation in which there is a substantial risk of death or serious bodily injury to someone other than himself. *Matchett*, 802 F.3d at 1197. "Reckless" is defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4, comment. (n.1); *see also id.* § 3C1.2, comment. (n.2). Section 3C1.2 requires only that there was a substantial risk that something could have gone wrong and that someone could have died or been seriously injured; no actual death or serious injury is required. *See Matchett*, 802 F.3d at 1198.

Here, the district court did not err in applying the two-level reckless endangerment enhancement. Johnson does not contest that he threw a loaded gun from a moving vehicle in a residential area, nor does he contest that this conduct is reckless for purposes of the reckless endangerment enhancement. Instead, he only disputes the fact that he knew he was fleeing from officers at the time. But the record and facts agreed to in the PSI support such a finding. When the officer first spotted Johnson and the vehicle, he was travelling in the opposite direction. Upon recognizing the vehicle, the officer immediately made a U-turn so that he pulled right up behind Johnson. At this point, Johnson's actions sufficiently indicate that he knew an officer was attempting to pull him over and that he fled instead. Johnson

9

began driving erratically, turning into an unknown residential area down the wrong side of the street and making wide turns in an attempt to conceal the disposal of the firearm.  And the fact that Johnson felt compelled to dispose of the firearm, knowing the consequences of being caught with it, when the officer pulled up behind him also indicates that Johnson knew he was being pursued and knew he was fleeing.  We therefore affirm the district court's application of the two-level enhancement for reckless endangerment during flight.

B.    *Substantive Reasonableness of the Terms of Imprisonment*

Johnson next argues that the terms of imprisonment for both the revocation of his supervised release and his new second felon-in-possession of a firearm conviction are substantively unreasonable.  The district court has the discretion to tailor a sentence in light of statutory concerns such as those listed in 18 U.S.C. § 3553(a).  *Pepper v. United States*, 562 U.S. 476, 490 (2011).  The district court must make an individualized assessment to determine an appropriate sentence.  *See Gall*, 552 U.S. at 50.  In so doing, the district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the factors and purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Croteau*, 819 F.3d 1293, 1309 (11th

10

Cir. 2016). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *Croteau*, 819 F.3d at 1309. However, a court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Irey*, 612 F.3d at 1189. Moreover, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). The district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss them all individually. *United States v. Dorman*, 488 F.3d 936, 938 (11th Cir. 2007). Thus, a district court is not "required to articulate his findings and reasoning with great detail or in any detail for that matter." *Irey*, 612 F.3d at 1195. It is sufficient that the district court "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The district court may base its findings of fact on, among other things, undisputed statements in the PSI or evidence presented at the sentencing hearing. *United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007). A sentence imposed

11

well below the statutory maximum penalty is an indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We ordinarily expect a sentence within the guideline range to be reasonable. *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018).

Upon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a prison term. 18 U.S.C. § 3583(e). A district court must consider certain of the factors outlined in § 3553(a) when imposing a sentence after revoking supervised release. *See id.*; *Vandergrift*, 754 F.3d at 1308. Specifically, the district court must consider "section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," which include, *inter alia*, the nature and circumstances of the crime with the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, and protect the public; and the applicable guideline range, and any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(e). The Guidelines state that, at revocation, the district court should sanction primarily the defendant's breach of trust. U.S.S.G. Ch. 7, Pt. A, intro. comment. A Grade B supervised release violation with an original criminal history category of V—like the one at issue here—results in a guideline imprisonment range of eighteen to twenty-four months upon revocation. U.S.S.G. § 7B1.4(a). Furthermore, any term of imprisonment imposed upon revocation of supervised release shall be

imposed to be served consecutively to any sentence of imprisonment that the defendant is serving. U.S.S.G. § 7B1.3(f).

Here, the district court did not abuse its discretion in sentencing Johnson to consecutive sentences of thirty-six months' imprisonment for being a felon in possession of a firearm and ammunition and twenty-four months' imprisonment for violating his supervised release. The district court appropriately weighed the Sentencing Guidelines and the relevant factors under 18 U.S.C. § 3553(a), including his multiple prior supervised release violations and criminal history. Because the sentences are well within the guideline ranges—strongly indicating reasonableness—we affirm Johnson's terms of imprisonment at issue in this consolidated appeal.

C.    *The Fine*

Finally, Johnson argues that the district court erred in imposing a $360 fine as part of his sentence for the new felon-in-possession of a firearm conviction. Specifically, Johnson contends that the district court erred in determining that he was able to pay such a fine.

The maximum statutory fine for a felon-in-possession of a firearm or ammunition conviction is $250,000. 18 U.S.C. § 3571(b)(3). The guideline fine range for a defendant with a total offense level of 13—like Johnson here—is $5,500 to $55,000. U.S.S.G. § 5El.2(c)(3). In determining whether to impose a fine and

13

the amount of any fine, the district court should consider, among other factors, the defendant's ability to pay, the burden that the fine may place on the defendant and his dependents, and the expected costs of imprisonment. U.S.S.G. § 5El.2(d); 18 U.S.C. § 3572(a)(6). We have remanded for resentencing where the district court imposed a fine more than three times the maximum fine in the guideline fine range and in opposition to the PSI's recommendation that the defendant was unable to pay a fine without providing any reasoned basis or explanation of why the PSI's conclusion was incorrect. *Gonzalez*, 541 F.3d at 1256-57 (vacating and remanding to the district court because the fine imposed was not supported by the record).

Here, the district court did not err in finding that Johnson had the ability to pay a $360 fine while on supervised release. The record shows that Johnson receives over $700 in monthly disability payments when he is not incarcerated. Nothing in the record indicated that he will not continue to receive those monthly payments when his current terms of imprisonment ends nor does Johnson claim that the disability payments will not continue. Moreover, Johnson's purchasing power, evidenced by the purchase of an expensive gun and a variety of drugs, further supports the district court's determination that he is in fact able to pay a $360 fine. Additionally, the district court imposed a fine significantly under the guideline fine range, indicating that the district court balanced the weight of the offense with

14

Johnson's reasonable ability to pay.  We conclude that this was not error and affirm the district court's imposition of the fine.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the twenty-four-month imprisonment sentence imposed upon revocation of Johnson's supervised release and the consecutive thirty-six-month imprisonment sentence and the $360 fine for Johnson's current conviction for being a felon in possession of a firearm and ammunition.

**AFFIRMED.**

MARTIN, Circuit Judge, concurring in the judgment:

I concur in the result reached by the majority because I understand the standard of review by which we review Mr. Johnson's conviction and sentences requires us to affirm.