[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12618

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHNNIE EDWARD JOHNSON,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cr-00065-TKW-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Johnnie Johnson pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and the district court imposed a 57-month sentence. On appeal, he argues that the district court erred in applying a sentencing enhancement based on its determination that Johnson recklessly created a substantial risk of death or serious bodily injury to another person while fleeing from a law enforcement officer. *See* U.S. Sent'g Guidelines Manual § 3C1.2. After careful consideration, we affirm.

## I.

While on patrol, a sheriff's deputy observed that Johnson was driving a vehicle with a window tint that was too dark. The deputy turned on his lights and sirens to initiate a traffic stop. But Johnson ignored the deputy and continued traveling at a high rate of speed. While fleeing, Johnson lost control of his vehicle, which flipped over. The vehicle had extensive damage, and its engine area caught fire. The deputy grabbed a fire extinguisher from his vehicle, approached Johnson's vehicle, and put out the fire.

The deputy ordered Johnson to leave the vehicle, but he did not cooperate. When additional deputies arrived on the scene, they got Johnson out of the vehicle. The deputies detained him and then searched the vehicle where they found a bag of marijuana and a handgun.

In an interview with law enforcement, Johnson reported that he fled from the traffic stop because he believed he had an outstanding warrant for failing to pay child support. He admitted that he had a firearm in the vehicle.

A grand jury charged Johnson with one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty.

Before sentencing, a probation officer prepared a presentence investigation report ("PSR"). The PSR recounted the facts that led to Johnson's arrest, including that he fled from the deputy at a high speed and crashed his vehicle, causing a fire.

The PSR set Johnson's base offense level at 20 because he unlawfully possessed a firearm after sustaining a felony conviction for "a controlled substance offense." U.S.S.G. § 2K2.1(a)(4). It then applied a two-level enhancement because Johnson "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." *Id.* § 3C1.2. And it included a three-level reduction for acceptance of responsibility. *See id.* § 3E1.1. Based on a total offense level of 19 and a criminal history category of IV, the PSR calculated Johnson's Sentencing Guidelines range as 46 to 57 months' imprisonment.

Johnson objected to the PSR's calculation of his base offense level, arguing that his earlier felony conviction did not qualify as a controlled substance offense for purposes of the Sentencing Guidelines. But he did not object to the PSR's description of his offense conduct, which included his flight from the deputy, or to the

enhancement for recklessly creating a substantial risk of death or serious bodily injury while fleeing a law enforcement officer. Indeed, Johnson conceded that he was "not contesting" this enhancement and admitted his conduct was "dangerous." Doc. 51 at 25–26.[1] At the sentencing hearing, the district court overruled Johnson's objection to his base offense level and determined that his Guidelines range was 46 to 57 months' imprisonment.

Johnson asked the court to impose a sentence below this range. He urged the court to consider his mental health and pointed out that he had been diagnosed with schizoaffective disorder as well as post-traumatic stress disorder. Johnson's brother testified that at the time of the offense Johnson was off his medication and "wasn't in his right state of mind." *Id.* at 14.

The district court imposed a sentence of 57 months. It acknowledged that Johnson had mental health challenges. It nevertheless concluded that a sentence at the high end of the guidelines range was appropriate given Johnson's conduct, which included high-speed flight from law enforcement. The court explained that Johnson's flight put law enforcement and the public at risk. The court stated that it was "just luck that there wasn't another car there, just luck that there wasn't a person crossing the street, [and] just luck that law enforcement wasn't harmed." *Id.* at 34.

This is Johnson's appeal.

---

[1] "Doc." numbers refer to the district court's docket entries.

## II.

We typically review a district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts *de novo*. *United States v. Washington*, 434 F.3d 1265, 1267 (11th Cir. 2006). But when a defendant raises an issue for the first time on appeal, we review for plain error only. *United States v. Johnson*, 694 F.3d 1192, 1195 (11th Cir. 2012). To show plain error, a defendant must establish (1) there was error; (2) that was plain; (3) that affected the defendant's substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* An error is plain only if it is contrary to a federal statute or on-point precedent from this Court or the United States Supreme Court. *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013).

## III.

The Sentencing Guidelines call for a two-level increase in offense level when the defendant "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. "'Reckless' refers to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *United States v. Matchett*, 802 F.3d 1185, 1197 (11th Cir. 2015).

For the enhancement to apply, the defendant's conduct during flight must have, through recklessness, created a situation where "there was a substantial risk that something could have gone wrong and someone could have died or been seriously injured." *Id.* at 1198. Without more, a defendant's flight from law enforcement does not warrant application of the enhancement. *See United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004). But it is not required that the defendant's conduct cause an actual death or serious injury. *See Matchett*, 802 F.3d at 1197–98. We have affirmed application of the enhancement when the defendant, while fleeing law enforcement, drove a car at high speed in an area where people were likely to be found, even though there was no evidence that anyone was injured. *See Washington*, 434 F.3d at 1267–68.

Johnson argues that the district court erred in applying an enhancement under § 3C1.2. He says that the enhancement was unwarranted because the record shows that his conduct during flight jeopardized "only . . . his *own* safety." Appellant's Br. 11 (emphasis in original). Because he raises this issue for the first time on appeal, we review for plain error.

We conclude that the district court did not plainly err in applying the enhancement. Although no one was injured as a result of Johnson's conduct, his actions nonetheless created a substantial risk that another person—for instance, the deputy who tried to stop him—could have been seriously injured. After all, the deputy encountered a situation in which Johnson fled at a high rate of speed and then flipped his vehicle, which caught fire. To put out the

blaze, the deputy had to approach the vehicle with a fire extinguisher while Johnson refused to cooperate. Given the totality of the circumstances, we conclude that the district court did not plainly err when it concluded that Johnson's conduct recklessly created a substantial risk of death or serious bodily injury to another person. *See Matchett*, 802 F.3d at 1197–98.

Johnson disagrees and points to our decision in *Wilson* in which we reversed the application of the enhancement when a defendant fled from law enforcement on foot and an officer injured his finger when he tackled the defendant. 392 F.3d at 1244. We held that the district court erred in applying the enhancement because the defendant's conduct did not create a substantial risk of serious injury to another. *Id.* Although the officer was injured, we noted that he suffered the "kind of injury [that] may occur anytime a defendant flees," and concluded that this type of injury did not warrant the application of the enhancement. *Id.*

*Wilson* does not change our analysis. Nothing in *Wilson* establishes that the district court plainly erred when it concluded that Johnson's conduct, in which he led a deputy on a high-speed chase that ended with his vehicle flipping over and catching fire, created a substantial risk of harm. Because the district court did not plainly err when it applied the two-level enhancement under § 3C1.2, we affirm Johnson's sentence.

**AFFIRMED**.