[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10871

_____

D.C. Docket No. 1:15-cr-20372-JLK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDRISS BAPTISTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 28, 2017)

Before WILSON and ROSENBAUM, Circuit Judges, and TITUS, [*] District Judge.

ROSENBAUM, Circuit Judge:

_____

[*] Honorable Roger W. Titus, United States District Judge for the District of Maryland, sitting by designation.

Theodor Seuss Geisel (perhaps better known as Dr. Seuss) is said to have observed, "Sometimes the questions are complicated and the answers are simple."[1] This is one of those times.

This direct appeal of Defendant-Appellant Edriss Baptiste's sentence for access-device fraud and aggravated identity theft requires us to determine how to account in Baptiste's criminal-history calculation for Baptiste's ostensible sentence from a prior state case. More specifically, a state court purported to sentence Baptiste for a marijuana-possession conviction to "198 days time served," referring to time he spent in U.S. Immigration and Customs Enforcement detention. Based on this disposition, the district court scored Baptiste two criminal-history points and therefore concluded his criminal-history category was II.

The parties debate whether time in Immigration custody can ever qualify as "imprisonment" for purposes of determining criminal history under the Guidelines. While the parties raise interesting arguments, we instead resolve this case by concluding that where, as here, a defendant has pled guilty to a prior crime and adjudication has been withheld, that disposition must be counted for a single criminal-history point under § 4A1.1(c) of the Guidelines, regardless of whether the sentencing court purported to impose—or even actually imposed—198 days or

---

[1] *See* Wendy Welch, *The Little Bookstore of Big Stone Gap: A Memoir of Friendship, Community, and the Uncommon Pleasure of a Good Book* 27 (2013) (citing H. Edward Wesemann, *Looking Tall by Standing Next to Short People & Other Techniques for Managing a Law Firm* (2007)).

no days of imprisonment. For this reason, we vacate the sentence imposed by the district court and remand for resentencing, using a criminal-history category of I.

## I.

Defendant-Appellant Edriss Baptiste pled guilty to two federal crimes: possessing at least fifteen unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). In preparation for sentencing, a U.S. Probation officer prepared a Presentence Investigation Report ("PSR") that ultimately recommended Baptiste's total offense level as 21 and his criminal-history category as II, with a corresponding guideline range of 41 to 51 months' imprisonment, plus a consecutive 24-month period of imprisonment on the aggravated-identity theft conviction.[2] The district court adopted these recommendations and sentenced Baptiste to 41 months on the unauthorized-access-device count and another 24 months on the aggravated-identity-theft conviction, for a total of 65 months' imprisonment.

On appeal, Baptiste takes issue with the district court's conclusion that his criminal-history category was II. To arrive at that conclusion, the district court relied on a single prior criminal disposition in Florida for possession of marijuana

---

[2] Originally, the PSR recommended a total offense level of 23. Following Baptiste's objection to a two-level enhancement for trafficking in an access device, though, Probation agreed that the enhancement should not be applied. As a result, Probation modified its total-offense-level calculation to 21.

3

and possession of paraphernalia.   The PSR described the resolution of these charges in the following way:  "Adjudication withheld, 198 days time served." Citing U.S. Sentencing Guideline Manual ("U.S.S.G.") § 4A1.1(b), the PSR applied two criminal-history points for this disposition.[3]   And because the Sentencing Table at Chapter 5, Part A, of the Guidelines shows that two criminal-history points translate to a Category II criminal-history level, the PSR calculated Baptiste's criminal-history category as a II.

Baptiste objected to the PSR's Category II designation.  As it turns out, Baptiste's criminal disposition was a bit more complicated than the PSR revealed. Originally, he pled *nolo contendere* in Florida court to the felony offense of possession with intent to distribute marijuana.  For that, he was convicted and sentenced to forty-five days in a jail work camp, two years of drug-offender probation, and twelve months of regular probation.  Baptiste actually served a total of only two days in jail in connection with this sentence.

---

[3] As relevant to the PSR's recommended counting of Baptiste's prior criminal disposition, § 4A1.1 instructs,

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
> (a)     Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b)     Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> . . . .

U.S.S.G. § 4A1.1.

While Baptiste was serving his state probation on this felony conviction, U.S. Immigration and Customs Enforcement detained him. And based on this same conviction, Immigration scheduled Baptiste for removal proceedings. But before he could be removed, Baptiste filed a motion under Rule 3.850, Fla. R. Crim. P., to vacate his earlier plea to the Florida felony offense, asserting that he had not been advised before entering his plea that his conviction could result in deportation. The Florida court granted Baptiste's motion, vacated the prior conviction, and returned the charges to pending status. By the time Baptiste was released from Immigration custody on the news of the vacatur of his felony conviction, he had been detained there from August 24, 2009, through March 16, 2010.[4]

Then Baptiste once again had to deal with the newly revived Florida marijuana-related charges. This time, though, Baptiste bargained with the state and pled to the misdemeanor offenses of possession of marijuana and possession of paraphernalia,[5] which were not deportable offenses. The state court withheld

---

[4] We calculate this period to have lasted 205 days. Baptiste, on the other hand, refers in different parts of the record to this same period of Immigration detention as lasting 198 days and 196 days, alternatively. The exact duration, however, does not affect the analysis here.

[5] The record does not clearly indicate whether Baptiste pled guilty or *nolo contendere* to the misdemeanor charges. No judgment for the Florida misdemeanor disposition is entered into the record, and the PSR simply says that Baptiste "pled" to the offenses, without specifying the type of plea. Baptiste's opening brief indicates that the plea was *nolo contendere*, but his reply brief suggests that he pled guilty. For its part, the government characterizes the plea as one of

adjudication and purported to sentence Baptiste to 198 days of time served, referring to, at least in substantial part, the time Baptiste spent in Immigration custody.[6]  For convenience, in this opinion, we refer to this disposition as the "Florida Case."

That brings us back to Baptiste's sentencing in federal court for the unauthorized-access-devices and aggravated-identity-theft convictions.  In the district court, Baptiste contended that his time in Immigration custody could not be counted as a "prior sentence of imprisonment" under U.S.S.G. § 4A1.1, and, as a result, his criminal-history category was I.  As we have noted, the district court disagreed and concluded that Baptiste's criminal-history category was II.  Baptiste now appeals.

## II.

Title 18, United States Code, § 3742(e) governs the standard of review we apply when determining a Guidelines issue.  *United States v. Williams*, 340 F.3d 1231, 1235 (11th Cir. 2003).  That statute instructs us to "accept the findings of

---

"no contest."  Ultimately, though, whether Baptiste pled guilty or *nolo contendere* to the misdemeanor offenses makes no difference to the resolution of this appeal.

[6] We suspect that the Florida court was relying solely on the time Baptiste spent in Immigration custody.  But Baptiste has also noted that he spent two days in jail based on the original felony charges, and Baptiste at one point during the sentencing hearing stated that he spent 196 days in Immigration custody.  Based on these facts, it is possible that the 198 days' time served was intended to refer to a combination of two days in jail plus 196 days in Immigration custody.  As with the nature of Baptiste's plea to the misdemeanor charges, though, the resolution of this question does not affect the outcome of this appeal.

fact of the district court unless they are clearly erroneous" and generally, to "give due deference to the district court's application of the guidelines to the facts."  18 U.S.C. § 3742(e).

We have construed the phrase "due deference," in turn, to require us to apply a "sliding scale" of standards of review, depending upon the particular type of question at issue.  *Williams*, 340 F.3d at 1238-39 (citing *Koon v. United States*, 518 U.S. 81, 98 (1996); *Buford v. United States*, 532 U.S. 59, 65 (2001)).  In other words, "we give the district court the deference that is due in regard to [the nature of the] finding."  *Id.* at 1239 (citation and quotation marks omitted).  As relevant here, we apply *de novo* review when we must determine whether the district court applied the correct sentencing guideline.  *See id*. at 1240.

## III.

To ascertain how to account for Baptiste's sentence in the Florida Case, we begin with U.S.S.G. § 4A1.1.  As relevant here, that guideline provides,

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
> (a)    Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> (b)    Add 2 points for each ***prior sentence of imprisonment*** of at least sixty days not counted in (a).
> (c)    Add 1 point for each ***prior sentence*** not counted in (a) or (b), up to a total of 4 points for this subsection.
> . . .

U.S.S.G. § 4A1.1 (emphasis added).  The parties focus their arguments on whether the Florida court's imposition of "198 days time served," referring at least predominantly to Baptiste's time in Immigration custody, qualifies as a "prior sentence of imprisonment" under § 4A1.1(b), as the district court concluded it did.  Their disagreement centers on whether time served in Immigration custody meets the Guidelines' prescribed definition of a "sentence of imprisonment."

But in the end, we need not address that issue.  Regardless of whether time served in Immigration custody can ever qualify as a "sentence of imprisonment," the Guidelines and our precedent reveal that Baptiste's Florida Case does not meet the statutory definition of a "prior sentence" except under one small carve-out—for which he was eligible to receive only one criminal history point, not two.

As relevant here, U.S.S.G. § 4A1.2(a) defines the term "prior sentence" appearing in § 4A1.1 as "any sentence previously imposed *upon adjudication of guilt*, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense" (emphasis added).  Significantly, we have explained that generally, "[s]entences imposed wherein adjudication of guilt is withheld do not fall under the definition of section 4A1.2(a)(1)" because no adjudication of guilt occurs.  *United States v. Rockman*, 993 F.2d 811, 813 (11th Cir. 1993); *see also United States v. Wright*, 862 F.3d 1265, 1280 (11th Cir. 2017).  Here, as Baptiste and the government agree, adjudication of guilt was withheld in the Florida Case.

As a result, any sentence imposed in that case generally cannot qualify as a "prior sentence" under § 4A1.2(a)(1)—and, therefore, cannot under section 4A1.1, either.

Nevertheless, we have noted a limited exception to this rule. When a defendant pleads guilty or *nolo contendere* to the offense where the state court withheld adjudication of guilt, that prior offense constitutes a diversionary disposition for purposes of the Guidelines. *Wright*, 862 F.3d at 1280; *Rockman* 993 F.2d at 814.

Section 4A1.2(f), in turn, instructs us on how to account for diversionary dispositions. Although generally, we do not count these dispositions in a defendant's criminal history, "[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence **under § 4A1.1(c)** even if a conviction is not formally entered . . . ." U.S.S.G. § 4A1.2(f) (emphasis added). The Commentary to § 4A1.1(c) confirms this rule: "A diversionary disposition is counted [under § 4A1.1(c)] only where there is a finding or admission of guilt in a judicial proceeding." U.S.S.G. § 4A1.1(c) cmt. n.3 (citing U.S.S.G. § 4A1.2(f)).[7]

That exception, however, applies to only § 4A1.1(c). Under the negative-implication canon of statutory interpretation (also known as "*expressio unius*" and

---

[7] While *Wright* and *Rockman* both involved defendants who pled *nolo contendere*, a guilty plea (or any other finding of guilt) where adjudication is withheld counts as a diversionary disposition just the same. Under the Guidelines, a withheld adjudication does not qualify as "diversionary" under § 4A1.2(f) only where no finding of guilt occurs. *See* U.S.S.G. § 4A1.2(f) ("Diversion from the judicial process without a finding of guilt . . . is not counted.").

"*inclusio unius*"), the express inclusion of one thing—here, § 4A1.1(c)—implies the exclusion of others—the rest of § 4A1.1. *See* Antonin Scalia & Bryan A. Garner, *Reading Law:  The Interpretation of Legal Texts* 107 (2012).  So since § 4A1.2(f) specifies an exception for only § 4A1.1(c), no such exception exists for § 4A1.1(b) (or for any other subsection of 4A1.1).  And Baptiste's disposition in the Florida Case does not count as a "prior sentence" under section 4A1.1(b) since he never received an adjudication of guilt.  As a result, the district court erred in assigning him the two criminal-history points prescribed by that provision.

But our analysis does not end there.  Because of § 4A1.2(f), § 4A1.1(c) necessarily remains on the table.  Since Baptiste entered a plea of either guilty or *nolo contendere* (though the record does not specify which) and adjudication was withheld, the Florida Case counts as a diversionary disposition qualifying him for only a single criminal-history point.  And because that criminal-history point is Baptiste's only criminal-history point, his correct criminal-history category is I, not II.  *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table (reflecting Category I as encompassing defendants with either 0 or 1 criminal-history point).

Since the district court did not correctly determine Baptiste's criminal-history category, it committed significant procedural error.  *See Molina-Martinez v. United States*, --- U.S. ----, 136 S. Ct. 1338, 1345-46 (2016); *United States v.*

*Carpenter*, 803 F.3d 1224, 1232 (11th Cir. 2015).  So we must vacate Baptiste's

sentence and remand for resentencing, consistent with this opinion.

## IV.

For the reasons we have stated, Baptiste's sentence is vacated, and this

matter is remanded to allow the district court to resentence him.

**VACATED AND REMANDED.**