[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10117
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cr-60062-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKEY MINCEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 6, 2019)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Rickey Mincey appeals his 120-month sentence, challenging the district

court's ruling that he was a career offender under United States Sentencing

Guidelines § 4B1.1.  He argues the district court improperly calculated his guideline range by concluding one of his prior offenses qualified as a conviction for career offender status under § 4B1.1(b)(3).  After careful review, we affirm.

## I.

Mincey pled guilty to one count of taking money by force or intimidation from a financial institution insured by the Federal Deposit Insurance Corporation in violation of 18 U.S.C. § 2113(a).  The Presentence Investigation Report ("PSR") calculated a guideline range of 151 to 188 months, in part because Mincey had at least two prior convictions of crimes of violence or controlled substances offenses.  At sentencing, Mincey objected to the PSR's calculation of his guideline range, arguing that one of his two prior offenses did not qualify as a conviction under § 4B1.1 because adjudication was withheld for it.  He explained that if only one of his prior offenses qualified, his guideline range would have been between 77 and 96 months.  The district court overruled Mincey's objection and determined that his guideline range was 151 to 188 months.

The district court ultimately sentenced Mincey to a below guideline-range term of 120-months imprisonment.  Considering the factors under 18 U.S.C. § 3553(a), the district court balanced Mincey's mental health along with his prior offenses and the need to protect the public.  The district court explained that "whichever way the guidelines are scored, . . . the appropriate sentence is 120

months in prison" given, among other things, Mincey's mental health and past offenses. After making this finding, the district court imposed a sentence of 120-months imprisonment with three years of supervised release. This is Mincey's appeal.

## II.

We will affirm a sentence based on harmless error in calculating the guideline range if we know that the district court would have imposed the same sentence regardless of its ruling on a guidelines issue and the sentence is reasonable. United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). The defendant has the burden of establishing the sentence he received would be unreasonable even if the district court had decided the guidelines issue in his favor. Id. at 1350. We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc).

## III.

On appeal, Mincey argues the district court "erred when it ruled that [he] qualified as a career offender based upon a 2009 Florida case where he pled no contest, had adjudication withheld, and was sentenced to a term of probation." He contends that under United States v. Baptiste, 876 F.3d 1057 (11th Cir. 2017), a no contest plea and withholding of adjudication in Florida state court count as

3

diversionary dispositions rather than prior sentences for calculating criminal history points under the guidelines.  See id. at 1062.  As a result, Mincey says the district court erred in calculating his guideline range.

We need not decide whether Mincey is right that the district court erred in calculating his guideline range.  "[W]here the district court imposes a reasonable sentence and states that it would impose the same sentence irrespective of any sentencing calculation errors, this Court will uphold the sentence rather than send the case back to the district court since it has already told us that it would impose exactly the same sentence."  United States v. Dean, 517 F.3d 1224, 1232 (11th Cir. 2008) (quotation marks omitted).  In sentencing Mincey, the district court stated that regardless of its calculation of Mincey's guideline range, "the appropriate sentence is 120 months in prison."  The district court therefore explained it would have imposed the same sentence regardless of its guidelines calculation.  See id.; Keene, 470 F.3d at 1349–50.  And because Mincey does not challenge the substantive reasonableness of his sentence, there is no reversible error.  See Keene, 470 F.3d at 1350 (holding that "the burden is on the defendant to prove that his sentence is unreasonable in light of the record and § 3553(a)" factors).  We affirm Mincey's sentence.

**AFFIRMED.**

4