[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14843

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

*versus*

JEREMIAH BUTLER-JACKSON,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00008-WFJ-CPT-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Jeremiah Butler-Jackson appeals his 50-month sentence for being a felon in possession of a firearm. First, he argues that his sentence is procedurally unreasonable because the district court (1) calculated his criminal history score using prior sentences where adjudication was withheld, (2) failed to perform a range-by-range analysis before imposing an upward variance, and (3) failed to adequately explain its sentence. Second, he argues that his sentence is substantively unreasonable because the district court imposed an upward variance without a sufficiently compelling justification. Because the district court incorrectly calculated Butler-Jackson's criminal history score, causing it to sentence him using an incorrect, higher guidelines range, we vacate and remand for resentencing.

## I.

When police officers attempted to stop Butler-Jackson for a traffic infraction after seeing him riding on the handlebars of a bicycle, Butler-Jackson fled on foot, tossing a loaded gun into the yard of a private residence. The officers apprehended Butler-Jackson, retrieved the gun, and later obtained video of Butler-Jackson discarding the gun as he fled from the officers. Butler-Jackson had also posted a video to Instagram showing the gun he discarded clipped to his waistband. Butler-Jackson confessed to buying the gun and ammunition even though he knew he was not allowed to

possess them as a convicted felon. He told the officers that he had been high on drugs when he fled the traffic stop.

Butler-Jackson was indicted on one count of possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was twenty years old at the time of sentencing. His base offense level was 14. He received a two-point decrease for acceptance of responsibility, bringing his total offense level to 12. His criminal history was extensive and included: battery of a teacher; domestic violence; resisting arrest; petit theft; grand theft of $3,500 worth of jewelry; car burglary; car theft; unlawful possession of a firearm; felony battery for shooting a man with a firearm he unlawfully possessed; and robbery of a convenience store. He committed the criminal conduct at issue in this case around two months after robbing the convenience store.

Butler-Jackson received a criminal history category of VI. He objected to inclusion of criminal history points for four offenses, each scored as one point, where adjudication had been withheld. The court overruled that objection. The resulting guidelines range was 30 to 37 months' imprisonment. Butler-Jackson requested a downward variance to 24 months' imprisonment for personal hardships including poor parenting, mental health issues, low IQ, and substance abuse. The government requested a high-end guidelines sentence based on Butler-Jackson's escalating criminal history, his membership in a violent gang, and the danger to the community posed by his insistence on carrying a gun.

The district court varied upward over the government's requested high-end guidelines sentence and imposed a sentence of 50 months' imprisonment. The court found that the sentence was sufficient but not greater than necessary to satisfy the purposes of sentencing. Butler-Jackson objected to the upward variance. Butler-Jackson timely appealed.

## II.

We review *de novo* the district court's interpretation of the guidelines and its application of the guidelines to the facts. *United States v. Barrington*, 648 F.3d 1178, 1194–95 (11th Cir. 2011) (citing *United States v. Campbell*, 491 F.3d 1306, 1315 (11th Cir. 2007)). We review the reasonableness of a district court's sentence for abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016).

We review for plain error challenges to a sentence where a party fails to make specific objections at sentencing in "such clear and simple language that the trial court may not misunderstand it." *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014) (quotation marks omitted). To establish plain error, the appellant must show that: "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id.* at 822.

### A.

Butler-Jackson argues that his sentence is procedurally un-reasonable because the district court (1) calculated his criminal history category using prior sentences for which adjudication was withheld, (2) failed to perform a range-by-range analysis before imposing an upward variance, and (3) failed to adequately explain his sentence. We conclude that the district court did not commit plain error by failing to conduct a range-by-range analysis or in explaining the sentence it imposed. But it did commit plain error in miscalculating Butler-Jackson's criminal history score. On that ground, we vacate and remand for resentencing.

### 1.

The district court did not plainly err by omitting a range-by-range analysis. Where a district court wishes to impose an upward departure under the guidelines, the court is required to move incrementally down the sentencing table "until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3(a)(4)(B). But a variance is not a departure. *Id.* Unlike a departure, which is based on the departure provisions at Section 4A1.3, a court bases a variance on the Section 3553(a) factors and the inadequacy of the applicable guidelines range. *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009). Though "[t]he justification for the variance must be sufficiently compelling to support the degree of the variance," it need not include a range-by-range analysis. *United States v. Irey*, 612 F.3d 1160, 1186-87 (11th Cir. 2010) (en banc) (quotation

marks omitted). The district court therefore did not commit plain error by omitting a range-by-range analysis.

2.

Nor did the district court plainly err in explaining the sentence it imposed. A district court must provide an adequate explanation for its sentencing decisions so that there can be meaningful appellate review. *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021). Here, the district court did so. It considered the parties' arguments and the Section 3553(a) factors. And it explained why an upward variance was warranted: Butler-Jackson's criminal history score, the fact that his criminal activity was accelerating, and his participation in the shooting and convenience store robbery. This explanation was sufficient for meaningful appellate review.

3.

But the district court plainly erred when it scored four prior offenses where adjudication was withheld. Ordinarily, offenses where adjudication was withheld do not fall under the guidelines' definition of a "prior sentence" and do not accrue criminal history points. *United States v. Baptiste*, 876 F.3d 1057, 1062 (11th Cir. 2017). We have acknowledged a limited exception to this rule: where the defendant pleads guilty or *nolo contendere* and the court withholds adjudication, then the prior offense is considered a "diversionary disposition." *Id.* Such dispositions can count as prior sentences and accrue criminal history points—unless they are juvenile offenses. The guidelines provide that "[a] diversionary

20-14843                Opinion of the Court                7

disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere*, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted." U.S.S.G. § 4A1.2(f).

Butler-Jackson argues, both below and on appeal, that the district court erred by scoring four offenses because adjudication was withheld, which are reflected in paragraphs 29, 32, 33, and 34 of the pre-sentence report. The record establishes that these were juvenile offenses. To the extent that Butler-Jackson failed to argue that the non-adjudicated offenses should not be scored because they are *juvenile* instead of adult offenses, we review for plain error. Fed. R. Crim. P. 52 ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."); *see also Davis v. United States*, 140 S. Ct. 1060, 1061 (2020) ("The text of Rule 52(b) does not immunize factual errors from plain-error review."). Here, an error occurred, and the error was plain. *Ramirez-Flores*, 743 F.3d at 822. Because Butler-Jackson was either found guilty or pled guilty or *nolo contendere* to the offenses at issue, his non-adjudicated offenses are considered diversionary dispositions. However, those diversionary dispositions were all diversions from juvenile court. Accordingly, the district court plainly erred by scoring them. *See* U.S.S.G. § 4A1.2(f) (a "diversion from juvenile court is not counted").

The error affected Butler-Jackson's substantial rights. The Supreme Court has held that a "court's reliance on an incorrect

range in most instances will suffice to show an effect on the defendant's substantial rights," and that "[a]bsent unusual circumstances, he will not be required to show more." *Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016). A defendant who makes such a showing is entitled to relief unless the government can show that the error was harmless. *United States v. Monzo*, 852 F.3d 1343, 1351 (11th Cir. 2017). "The sentencing process is particular to each defendant" and a reviewing court, in determining whether an error affected a defendant's substantial rights, "must consider the facts and circumstances of the case before it." *Molina-Martinez*, 578 U.S. at 201 (citing *United States v. Davila*, 569 U.S. 597 (2013)).

The record here shows that the district court's error affected Butler-Jackson's substantial rights. First and foremost, in varying upward, the district court specifically relied on Butler-Jackson's "very high number of criminal history points"—which were incorrectly calculated. Second, the error resulted in a higher guidelines range. Butler-Jackson's initial sentencing range of 30 to 37 months was based on a total offense level of 12 and a criminal history category of VI. If the district court had not scored the four juvenile offenses where adjudication was withheld, Butler-Jackson's criminal history category and guidelines range would have been lower. *See* U.S.S.G. ch. 5 pt. A. When the district court varied upward, it specifically noted that its variance was about one year over the erroneous guidelines range that it had calculated.

On this record, we conclude that the district court committed plain error when it incorrectly scored Butler-Jackson's non-

adjudicated juvenile offenses. Remand is therefore needed to correctly calculate Butler-Jackson's criminal history score and resentence him in light of the corrected guidelines range.

*B.*

Butler-Jackson also argues that his sentence is substantively unreasonable because the district court ignored mitigating evidence of his mental health issues, low intelligence, and substance abuse. We need not reach the substantive reasonableness issue where a district court's decision is based on a clearly erroneous fact. *See United States v. Slaton*, 801 F.3d 1308, 1320 (11th Cir. 2015). Because we remand for resentencing based on the district court's miscalculation of Butler-Jackson's criminal history score, we need not address whether his sentence was substantively unreasonable.

**VACATED AND REMANDED.**