[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14212

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLEMS CALIXTE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cr-60153-WPD-1

_____

Before NEWSOM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Willems Calixte, Jr., a *pro se* federal prisoner, appeals the district court's denial of his Federal Rule of Criminal Procedure 36 motion and the accompanying denial of his motion for reconsideration. For the reasons below, we summarily affirm.

**I.**

Calixte pleaded guilty to possession of a firearm and ammunition as a convicted felon. *See* 18 U.S.C. 922(g)(1). The district court, adopting the presentencing investigation report—to which Calixte had no objections at sentencing—sentenced him to 180 months in prison. He appealed his conviction and sentence for reasons irrelevant here, and we affirmed. *See generally United States v. Calixte*, No. 21-13578 (11th Cir. June 18, 2024).

While that appeal was pending, Calixte filed, *pro se*, a motion under Federal Rule of Criminal Procedure 36 arguing that the presentence report incorrectly assigned him criminal history points for his prior offenses. Before the government could respond, the district court dismissed or alternatively denied his Rule 36 motion. The court reasoned that Rule 36 was an improper vehicle for challenging the report's calculations of his criminal history points, and that, as to the merits, the report calculated those points correctly. Calixte petitioned for reconsideration twice, arguing that the court abused its discretion by denying his Rule 36 motion without first

compelling the government to respond to it. The court denied the first petition, and dismissed or alternatively denied the second.

Calixte appealed from the court's denials of his Rule 36 motion and his second petition for reconsideration. He moved for summary reversal; the government moved for summary affirmance. We grant the government's motion.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Here, it is right as a matter of law that the court correctly denied Calixte's (1) Rule 36 motion and (2) second petition for reconsideration. We briefly address both issues.

## II.

We review *de novo* a district court's application of Federal Rule of Criminal Procedure 36. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004). Under that rule, a district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 is used to correct clerical errors that are "minor and mechanical in nature." *Portillo*, 363 F.3d at 1165. But "Rule 36 may not be used to make a substantive alteration to a criminal sentence" or to correct errors of law. *Id.* at 1164 (quotation marks omitted).

In a criminal history category calculation, a prior sentence is "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). A defendant receives: 3 criminal history points for each prior sentence of imprisonment exceeding 1 year and 1 month; 2 criminal history points for each prior sentence of at least 60 days, not already counted; and 1 criminal history point for each prior sentence not already counted, up to 4 times. *Id.* §§ 4A1.1(a)–(c). A prior sentence exceeding 13 months counts toward a defendant's criminal history score if the sentence was imposed within 15 years of the defendant's commencement of the instant offense—or, if the sentence "resulted in the defendant being incarcerated during any part of such fifteen-year period," regardless of when that sentence was imposed. *Id.* § 4A1.2(e)(1).

Generally, "sentences imposed wherein adjudication of guilt is withheld do not fall under the definition of section 4A1.2(a)(1) because no adjudication of guilt occurs." *United States v. Baptiste*, 876 F.3d 1057, 1062 (11th Cir. 2017) (quotation marks omitted, alteration adopted). But an exception to this rule exists where the state court withheld adjudication of guilt but a defendant pleaded guilty or *nolo contendere* to the offense: if so, this prior offense constitutes a diversionary disposition under the Guidelines, and is counted as a prior sentence under U.S.S.G. section 4A1.1(c) and thus given 1 criminal history point. *Id. See also* U.S.S.G. § 4A1.1(c) cmt. n.3 (citing U.S.S.G. § 4A1.2(f)).

Here, the district court properly denied Calixte's Rule 36 motion because the changes he requested to his presentence report were substantive, not clerical—and thus were beyond the scope of Rule 36. *Portillo*, 363 F.3d at 1164–65. Whether a prior sentence counts toward a defendant's criminal history score is a legal determination; Calixte has not identified a clerical mistake or error "arising from oversight or omission." *See id.*

Even if Calixte's Rule 36 motion were the proper vehicle for his challenges to the report, the district court correctly denied his motion on the merits. Relevant here, Calixte was assigned 3 criminal history points each for his two prior sentences listed in the PSI's paragraphs 38 and 39, and 1 criminal history point each for his two prior offenses listed in the report's paragraphs 42 and 44. Calixte argued below that no points should have been assigned for his prior sentences in paragraphs 38 and 39, because those sentences were imposed more than 15 years before his commission of the instant offense and because a conviction listed in paragraph 39 had been reversed and remanded. And, he argued that no points should have been assigned for his offenses in paragraphs 42 and 44 because neither of those offenses resulted in a term of imprisonment.

His arguments are incorrect. Calixte's sentences in paragraph 38 and 39 are part of his criminal history score because each of those sentences resulted in him being incarcerated within 15 years of his commission of the instant offense. *See* U.S.S.G. § 4A1.2(e)(1). He committed the instant offense on or about August 14, 2020. Paragraph 38 assigned 3 criminal history points for

felonies for which Calixte was sentenced to 5 years in prison and released in September 2008. Paragraph 39 assigned 3 criminal history points for other felony offenses that he had committed: though his initial convictions for those offenses were, as he points out, reversed and remanded for a new trial, *see generally Calixte v. State*, 941 So. 2d 570 (Fla. 4th DCA 2006), he was ultimately convicted and resentenced to 10 years in prison and released in August 2011. So, for both paragraph 38's and 39's sentences, Calixte was incarcerated within 15 years of August 14, 2020, making it proper for criminal history points to attach. *See* U.S.S.G. § 4A1.2(e)(1).

As for the offenses listed in paragraphs 42 and 44 of the PSI, Calixte entered pleas of *nolo contendere* and no contest, respectively. Thus, though the state court withheld adjudication and no imprisonment term was imposed, both offenses constituted diversionary dispositions—each of which then counted as a sentence under U.S.S.G. § 4A1.1(c) and qualified for a single criminal history point. *See Baptiste*, 876 F.3d at 1062.

## III.

We review the denial of a motion to reconsider for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). And, we review for abuse of discretion the decisions a district court makes in the course of managing its docket. *See Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1320 (11th Cir. 2013). Our review under the abuse of discretion standard is limited: we give the district court considerably more leeway than if we were conducting *de novo* review, *see Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863

(11th Cir. 2004), and allow "a range of choice"—meaning "we will affirm even though we might have decided the matter differently in the first instance," *Doe v. Rollins Coll.*, 77 F.4th 1340, 1347 (11th Cir. 2023), *cert. denied*, 144 S. Ct. 1056, 218 L. Ed. 2d 241 (2024).

The district court did not abuse its discretion by ruling on Calixte's Rule 36 motion without compelling a response from the government. *See Simms*, 385 F.3d at 1356. A district court has "inherent authority to control its docket and ensure the prompt resolution of lawsuits." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted). Here, Calixte failed to cite any authority supporting his argument that the court needed to first compel the government to respond, and the court determined that Calixte's motion was "frivolous." The court need not have waited for the government's response and thereby create unnecessary delay.

## IV.

The government's motion for summary affirmance is **GRANTED**. Calixte's motion for summary reversal is **DENIED**. The district court is **AFFIRMED**.