**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-12447

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TRAMON JAMAL STEWART,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00232-PGB-RMN-1

_____

Before LUCK, LAGOA, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Tramon Stewart appeals his 87-month sentence for one count of possession of a firearm as a convicted felon. Stewart argues that the felon-in-possession statute, 18 U.S.C. § 922(g)(1),

violates both the Commerce Clause and the Second Amendment, facially and as applied. Stewart also argues that the district court erred at sentencing when it applied a two-point enhancement for reckless endangerment to his total offense level. He further argues that the district court erred when it added four criminal history points to his criminal history score due to two prior juvenile adjudications. Having reviewed the record and read the parties' briefs, we affirm Stewart's conviction and sentence.

## I.

Stewart argues for the first time on appeal that 18 U.S.C. § 922(g)(1) violates the Commerce Clause and the Second Amendment, both facially and as applied. We review constitutional issues raised for the first time on appeal for plain error. *United States v. Bolatete*, 977 F.3d 1022, 1034 (11th Cir. 2020). To prevail under plain error review, the appellant must show that the district court made an error, that the error was plain, and that it affected his substantial rights. *Id.* at 1035. If he carries that burden, we have the discretion to reverse the district court's judgment, "but only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

We held in *United States v. Jordan,* 635 F.3d 1181 (11th Cir. 2011), that 18 U.S.C. § 922(g)(1) is not a facially unconstitutional exercise of Congress's power under the Commerce Clause because it contains an express jurisdictional requirement: that the felon possess any firearm "in or affecting commerce." *Id.* at 1189–90. Moreover, section 922(g)(1) is constitutional as to a defendant whose

firearm has at least a "minimal nexus" to interstate commerce, such as when the firearm was manufactured in a different state. *Id.*

In *United States v. Dubois*, 139 F.4th 887, 889 (11th Cir. 2025), we upheld our prior precedent that section 922(g)(1) is constitutional under the Second Amendment. In *Dubois*, we held that the Supreme Court's more recent decision in *United States v. Rahimi*, 602 U.S. 680, 144 S. Ct. 1889 (2024), did not abrogate our precedent, *United States v. Rozier*, 598 F.3d 768, 770-71 (11th Cir. 2010), which held that section 922(g)(1) is constitutional. We stated in *Dubois* that "[w]e require clearer instruction from the Supreme Court before we may reconsider the constitutionality of section 922(g)(1)." 139 F.4th at 894.

As Stewart's constitutional arguments are foreclosed by binding precedent, he cannot demonstrate plain error.

## II.

Stewart contends that the district court erred by increasing his guidelines range by two levels for reckless endangerment under U.S.S.G. § 3C1.2. Stewart argues that the district court erred in considering the danger to Stewart himself when he had a gun on his person when he fled from the officers and was eventually captured by them. Stewart claims that the guideline only allows for consideration of the risk of harm to other people. Stewart also argues that the district court erred when it found substantial risk that the firearm could have fallen out of his hoodie and discharged when Stewart was jumping over the fence while fleeing and the firearm could have discharged when the officers restrained him to

handcuff him.  Stewart claims that the district court erred in assessing the risk because it was too tenuous to be categorized as a substantial risk and because the risk was over when he was apprehended, the enhancement no longer applied.

We review de novo the district court's interpretation of the sentencing guidelines and their application to the facts of a case. *United States v. Dupree*, 57 F.4th 1269, 1272 (11th Cir. 2023) (en banc).

The Sentencing Guidelines call for a two-level enhancement where the "defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. "Reckless" is defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *United States v. Matchett*, 802 F.3d 1185, 1197 (11th Cir. 2015) (quoting *United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004)).[1]  This enhancement "requires only that there was a substantial risk that something could have gone wrong and someone

---

[1] In *Dupree*, we held, sitting en banc, that courts may not defer to the commentary to the Sentencing Guidelines "if uncertainty does not exist" in the guideline provision itself.  57 F.4th at 1275.  However, we have relied on the commentary of a guideline where "[n]o party contest[ed] the commentary's validity . . . or the propriety of its interpretation of [the guideline's] text." *United States v. Jews*, 74 F.4th 1325, 1327 n.2, 1328 (11th Cir. 2023).  Here,

24-12447                    Opinion of the Court                    5

could have died or been seriously injured." *Matchett*, 802 F.3d at 1198.

We have upheld the reckless endangerment enhancement consistently in two types of cases: (1) where the defendant flees in a vehicle at a high speed, and (2) where the defendant flees carrying a loaded firearm in a way that will likely harm an officer or by-stander. *See, e.g.*, *United States v. Washington*, 434 F.3d 1265, 1267-68 (11th Cir. 2006) (affirming the enhancement where the defendant drove a car at a high speed through a condominium's parking garage when fleeing from police); *Matchett*, 802 F.3d at 1197-98 (affirming the enhancement where the defendant struggled with an officer while the officer had a hand on a loaded gun in the pocket of the defendant's pants).

Both parties discuss *United States v. Matchett*, where the district court applied the enhancement to a defendant who had a gun in his front pants pocket when he fled the police on foot. 802 F.3d at 1197-98. In *Matchett*, we determined that the enhancement was appropriately applied because the defendant had a loaded gun in the front pocket of his pants and resisted arrest by struggling with an officer for more than three minutes while the officer held onto the gun. *Id.* at 1197-98. At some point during the wrestling match the gun ended up on the ground about ten feet away from the two men. *Id.* at 1190.

---

neither Stewart nor the government dispute the validity of the guideline commentary's definition of "reckless."

We determined that, under the circumstances, the defendant's choice to continue to struggle while the officer had his hand on the gun in the defendant's pocket was "undoubtedly reckless" and created a substantial risk of death or serious bodily injury because they were in a residential area and there was a "significant chance" that the gun could have accidentally discharged. *Id.* at 1197-98. We concluded: "Although we have not held that resisting arrest while in possession of a loaded handgun is sufficiently reckless conduct to warrant an enhancement under section 3C1.2 of the guidelines, we have held that conduct that could potentially harm a police officer or a third party is sufficiently reckless." *Id.* (citing *United States v. Dougherty,* 754 F.3d 1353, 1360 (11th Cir. 2014)).

The reckless endangerment enhancement not only requires a substantial risk of death or serious bodily injury, but it also requires that harm be caused by the defendant and affected on others besides the defendant. *Id.* at 1197. Also, the risk of harm must be created during the defendant's flight. *Id.* Flight alone is insufficient for application of the enhancement. *United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004). Rather, the defendant must have accompanied the flight with a substantial risk of death or serious bodily injury that he recklessly created. *Matchett*, 802 F.3d at 1197. We construe broadly whether the conduct occurred "in the course of fleeing" and whether the conduct occurred while the defendant resisted arrest. *Dougherty,* 754 F.3d at 1359.

We conclude that the district court did not err when it enhanced Stewart's sentence because it found that Stewart created a

substantial risk of death or serious bodily injury to another person when he fled from law enforcement. First, the district court made factual findings regarding Stewart's flight with a weapon in the front of his hoodie and the officers' pursuit of Stewart. Stewart does not show that these findings were clearly erroneous. *See United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004).

Second, the record indicates that Stewart's conduct amounted to more than "flight alone." In *Wilson*, 392 F.3d at, 1247, we held that "[i]t is the defendant's conduct, not that of the pursuing officers, which must recklessly create the substantial risk of death or serious bodily injury to others." "Reckless" refers to "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §2A1.4 cmt.n.1. In this case, the risk of harm to the officers was created by Stewart himself when he recklessly fled from and attempted to evade law enforcement, all while armed with an unsecured and loaded weapon.

Additionally, Stewart's conduct "recklessly created a substantial risk of death or serious bodily injury" to the pursuing officers. *See Matchett*, 802 F.3d at 1197. As noted earlier, the facts in *Matchett* are different from the facts here, but our holding in *Matchett* still applies: "conduct that could potentially harm a police officer or a third party is sufficiently reckless." *Id*. at 1198. In this

case, Stewart's loaded gun could have fallen out of his pocket and accidentally discharged.  The fact that the gun did not accidentally discharge does not negate the fact that Stewart's flight from the officers with an unsecured and loaded weapon created a substantial risk that an officer could have been injured.

Thus, we conclude, based on the record, that the district court did not err in applying the reckless endangerment enhancement to Stewart's sentence.

## III.

Where a defendant failed to object to his criminal history category before the sentencing court, we review the district court's calculation of his criminal history for plain error.  *United States v. Dixon*, 901 F.3d 1322, 1350 (11th Cir. 2018).  For us to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights.  *Id.*  Failure to correctly determine a defendant's criminal history category is a "significant procedural error" that requires vacating and remanding for resentencing.  *United States v. Baptiste*, 876 F.3d 1057, 1063 (11th Cir. 2017).  However, calculations of criminal history points are subject to a harmless error analysis.  *See United States v. Alicea*, 875 F.3d 606, 609 (11th Cir. 2017).

Stewart contends that the district court plainly erred in assessing four total criminal history points based on two of his prior juvenile adjudications because his sentence for each was greater than 60 days, in accordance with U.S.S.G. § 4A1.1(b).  Stewart argues that these two juvenile adjudications were not adjudications

of guilt. Thus, the district court should not have applied the attendant four criminal history points because of these adjudications, and this error affected his substantial rights because without the points, his guidelines range would have been less.

Federal law, not state law, determines whether an offense constitutes a prior conviction for the purpose of sentencing. *United States v. Maupin*, 520 F.3d 1304, 1306-07 (11th Cir. 2008). The Sentencing Guidelines at issue are Sections 4A1.1(b), 4A1.2(a), and 4A1.2(d). Section 4A1.1(b) states: "Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in subsection (a)." U.S.S.G. § 4A1.1(b). Section 4A1.2(a)(1) contains the definitions and instructions for computing criminal history, and it states that "[t]he term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Section 4A1.2(d), which governs offenses committed prior to the age of eighteen, states "add 2 points under § 4A1.1(b) for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." U.S.S.G. § 4A1.2(d)(2)(A).

The record demonstrates that Stewart did not establish plain error. Even if section 4A1.2(d)(2)(A) is not meant to stand alone and does incorporate the definition of prior sentence from 4A1.2(a)(1) requiring an adjudication of guilt to count a prior sen-

tence for criminal history purposes, Stewart has not presented controlling precedent or explicit language from the guidelines that resolves whether his juvenile adjudication of *delinquent* satisfies the guilty adjudication that is required by section 4A1.2(a)(1). Stewart pled nolo contendere to the two relevant prior juvenile offenses, the court adjudicated him delinquent, and he served almost eight months in custody for the adjudications. These sentences fall within the five-year boundary stated in section 4A1.2(d) because Stewart committed the current offense in September 2023. Thus, we conclude that his sentence satisfies the requirements of U.S.S.G. § 4A1.2(d)(2)(A).

Accordingly, based on the aforementioned reasons, we affirm Stewart's conviction and sentence.

**AFFIRMED.**